NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ONTEL PRODUCTS CORPORATION,**
*Appellant*

**v.**

**GUY A. SHAKED INVESTMENTS LTD.,**
*Appellee*

———————————

2022-1938

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-00052.

———————————

Decided: December 19, 2023

———————————

JOHN S. ARTZ, Dickinson Wright PLLC, Ann Arbor, MI, argued for appellant.

GABRIEL K. BELL, Latham & Watkins LLP, Washington, DC, argued for appellee. Also represented by JONATHAN M. STRANG, KEVIN WHEELER; ANN MARIE WAHLS, Chicago, IL.

———————————

Before TARANTO, CHEN, and CUNNINGHAM, *Circuit Judges*.

TARANTO, *Circuit Judge.*

Guy A. Shaked Investments Ltd., which the parties refer to as "Dafni," owns U.S. Patent No. 9,877,562, which describes and claims a hairbrush containing specified heating elements and other features. Dafni sued Ontel Products Corp., alleging infringement of the '562 patent (among other patents). Ontel then petitioned the Patent and Trademark Office for an inter partes review (IPR) of all claims of the '562 patent. The PTO's Patent Trial and Appeal Board, after instituting and then conducting the requested review, issued a final written decision that rejected Ontel's challenges to the '562 patent's claims. *Ontel Products Corp. v. Guy A. Shaked Investments Ltd.*, No. IPR2021-00052, 2022 WL 1157702 (P.T.A.B. Apr. 18, 2022) (*'562 Final Written Decision*). Ontel appeals. We now dismiss the appeal because the dispute between Ontel and Dafni over this patent is moot.[1]

I

The mootness question involves the relationship of this IPR to the infringement litigation between Dafni and Ontel. Dafni filed its infringement action against Ontel in federal court in California in December 2019—asserting three utility patents (the '562 patent; U.S. Patent No. 9,578,943; and U.S. Patent No. 9,591,906) and one design patent—but the action was transferred to the District of New Jersey in the summer of 2020. Complaint for Patent Infringement, *Guy A. Shaked Investments Ltd. v. Ontel Products Corp.*, No 1:20-cv-09901 (D.N.J. Dec. 16, 2019), ECF No. 1 [hereafter *"Ontel N.J."*]; Order Granting Motion to Transfer Venue, *Ontel N.J.* (July 30, 2020), ECF No. 40. In late September and early October 2020, Ontel filed three IPR

---

[1] Dafni's Motion for Leave to File Sur-Reply, ECF No. 28, is granted. We accept Dafni's proposed sur-reply attached to that motion as Exhibit A.

petitions, one for each of the three asserted utility patents.
In December 2020, the district court granted a stay of the
infringement action pending resolution of Ontel's pending
IPR petitions.  Order, *Ontel N.J.* (Dec. 2, 2020), ECF No.
84.

In April 2021, the Board (acting for the PTO's Director)
declined to institute the requested review of the '943 patent
and six days later did institute the requested reviews of the
'562 patent and the '906 patent.  In early May 2021, Dafni
asked the district court to lift the stay so that litigation
could proceed on the '943 patent (and the design patent),
representing that it would "immediately amend its com-
plaint to dismiss the '906 and '562 patents ***with prejudice***
from this litigation" if the district court did so.  Letter at 1–
2, *Ontel N.J.* (May 12, 2021), ECF No. 90.  In May 2021,
the district court lifted the stay.  Order, *Ontel N.J.* (May
18, 2021), ECF No. 92.  Ontel sought reconsideration, stat-
ing that it planned to ask the PTO for a reexamination of
the '943 patent, Motion and Memorandum, *Ontel N.J.*
(May 22, 2021), ECF Nos. 93, 94, but the district court de-
nied reconsideration on July 30, 2021, Order, *Ontel N.J.*
(July 30, 2021), ECF No. 104.

On August 9, 2021, Dafni and Ontel filed a joint stipu-
lation to dismiss the '562 and '906 patent-infringement
claims.  Joint Stipulation of Dismissal, *Ontel N.J.* (Aug. 9,
2021), ECF No. 105.  The stipulation included, in a whereas
clause, a provision concerned with the essential objective
of Dafni's decision in May to offer to withdraw its assertion
of the two patents, namely, to allow the litigation on the
'943 patent (and design patent) to proceed.  Specifically, the
whereas clause provided, among other things, that Dafni
covenanted not to sue Ontel on the '562 and '906 patents
"so long as any motion to stay Ontel may file in the future
based on its *ex parte* reexamination request of the '943 Pa-
tent" (or certain related PTO proceedings on that patent)
"is denied."  *Id.* at 2–3.  One day later, the district court
issued an order that dismissed Dafni's claims of

infringement of the '562 and '906 patents "with prejudice subject to the terms and conditions set forth in the Parties' Joint Stipulation." Order at 1, *Ontel N.J.* (Aug. 10, 2021), ECF No. 106.

Litigation on the '943 patent resumed. But on December 1, 2021, litigation was stayed again when a PTO examiner, in conducting an Ontel-requested reexamination of most claims of the '943 patent (claims 1–19), issued an Office Action rejecting the reexamined claims. Order, *Ontel N.J.* (Dec. 1, 2021), ECF No. 126. On July 8, 2022, the PTO issued a Reexamination Certificate for the '943 patent containing not only the two claims that had not been reexamined (claims 20 and 21), but also amended forms of all the other claims and a large number of new claims, with the PTO deeming all the reexamined claims and new claims patentable. *See* '943 patent, Ex Parte Reexamination Certificate. On August 3, 2022, the district court lifted the stay. Letter Order, *Ontel N.J.* (Aug. 3, 2022), ECF No. 133.

Five days later, Dafni moved the district court for an order reinstating the assertions of infringement of the '562 and '906 patents, despite the stipulation and order of dismissal in August 2021; in support of the request, Dafni invoked the stipulation's condition relating to reexamination of the '943 patent. Motion, *Ontel N.J.* (Aug. 8, 2022), ECF No. 137. By the time Dafni filed this motion, the Board, in April 2022, had issued final written decisions in the IPRs addressing the '562 and '906 patents upholding all the claims in the former and two claims in the latter. *'562 Final Written Decision*, at *22; *Ontel Products Corp. v. Guy A. Shaked Investments Ltd.*, IPR2020-01728, 2022 WL 1158439 (P.T.A.B. Apr. 18, 2022). Ontel opposed Dafni's motion to reinstate the '562 and '906 patent-infringement claims. Opposition, *Ontel N.J.* (Aug. 23, 2022), ECF No. 138. In October 2022, the district court denied Dafni's motion and ordered Dafni to amend its complaint to formally remove the claims of infringement of the '562 and '906

patents. Memorandum Order, *Ontel N.J.* (Oct. 5, 2022), ECF No. 153. Dafni did so in November 2022. Corrected First Amended Complaint, *Ontel N.J.* (Nov. 3, 2022), ECF No. 158. And at least by February 2023, when Dafni filed its brief responding to Ontel's brief as appellant in this court, Dafni had disclaimed any right that it might have had to "to vacate, appeal, challenge, or otherwise seek to overturn the district court's order dismissing the '562 patent." Ontel's Response Brief at Add. 1–2.

## II

"On appeal . . . a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *ABS Global, Inc. v. Cytonome/ST, LLC*, 984 F.3d 1017, 1020 (Fed. Cir. 2021) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). When the Board in its final written decision in an IPR has rejected a patentability challenge to a claim, we have recognized (without being exhaustive) that the disappointed petitioner has the required concrete stake in seeking a court judgment setting aside the Board's decision on the claim in several circumstances. The most common is when the patent owner has a pending patent-infringement suit against it that asserts the patent claim at issue. We have also recognized that an appeal may proceed if the petitioner-appellant "show[s] that it is engaged or will likely engage 'in an[ ] activity that would give rise to a possible infringement suit.'" *JTEKT Corp. v. GKN Automotive LTD.*, 898 F.3d 1217, 1220 (Fed. Cir. 2018) (second alteration in original) (quoting *Consumer Watchdog v. Wisconsin Alumni Research Foundation*, 753 F.3d 1258, 1262 (Fed. Cir. 2014)). And a petitioner-appellant may be able to proceed by showing that it "has contractual rights that are affected by a determination of patent validity." *Id.* (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 137 (2007)).

This case involves none of those circumstances. Dafni's prior '562 patent-infringement claim against Ontel is no longer pending. The dismissal with prejudice, coupled with the disclaimer of any right to challenge the district court's order dismissing the claim of infringing that patent (including by seeking to reinstate the '562 patent-infringement claim), precludes any new assertion of that patent against Ontel based on then-existing Ontel conduct. And Ontel has not provided any evidence of planned or likely future conduct that could risk potential-infringement liability, Ontel's Reply Brief at 6, or of any relevant contractual rights.

Ontel identifies no other circumstance that justifiably defeats mootness. The most that Ontel does is assert an interest in not having Dafni "rely on the Board's decision" regarding the '562 patent in the district court litigation that involves *the '943 patent*. Ontel's Reply Brief at 4–5. But Ontel never specifies what that reliance might be, particularly in light of our statements about the lack of preclusive effect, including under the issue preclusion (collateral estoppel) principle, of Board determinations that cannot be appealed. *See Allgenesis Biotherapeutics Inc. v. Cloudbreak Therapeutics, LLC*, 85 F.4th 1377, 1382 (Fed. Cir. 2023). We have also stated that, when a party lacks a cognizable interest in challenging the Board's upholding of particular patent claims, the party generally may not establish the concrete stake needed to proceed with an appeal of the Board ruling by pointing to the Board's conclusions on particular issues drawn along the way to the Board's bottom-line ruling and invoking "'the potential for collateral consequences'" of those conclusions for challenges to other possible patent claims not actually at issue in the case at hand. *Id.* (quoting *Best Medical International, Inc. v. Elekta Inc.*, 46 F.4th 1346, 1353 (Fed. Cir. 2022)). Ontel has not shown anything concrete that could suffice for maintenance of this appeal in light of those constraints. If the Board's decision is used in another proceeding in a way

Ontel believes to be legally improper, Ontel may present a challenge to that use in that other proceeding.

We conclude that dismissal, not vacatur of the Board's decision, is the appropriate disposition of this appeal. "Because [vacatur] is rooted in equity, the decision whether to vacate turns on 'the conditions and circumstances of the particular case.'" *Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018) (quoting *United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*, 239 U.S. 466, 478 (1916)). On one hand, "[v]acatur is in order when mootness occurs through happenstance—circumstances not attributable to the parties—or . . . the 'unilateral action of the party who prevailed in the lower court.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71–72 (1997) (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 23 (1994)). On the other, "mootness by reason of settlement does not justify vacatur of a judgment under review." *U.S. Bancorp*, 513 U.S. at 29; *see also Tafas v. Kappos*, 586 F.3d 1369, 1371 (Fed. Cir. 2009) (en banc) ("[W]hen a party procures the conditions that lead to a case becoming moot, that party should not be able to obtain an order vacating the lower court decision that was adverse to that party." (citing *U.S. Bancorp*, 513 U.S. 18)). The present case became moot through actions that are closer to joint settlement than to unilateral action by Dafni to protect a favorable judgment.

Even if mootness was ultimately produced by Dafni's post-appeal disclaimer of any challenge to the district court's dismissal, and refusal to vacate the dismissal, of the charge of infringement of the '562 patent, the path to that disclaimer was far from being a course of unilateral action by Dafni. Dafni and Ontel jointly stipulated to the with-prejudice dismissal of Dafni's '562 patent-infringement charge; the district court expressly stated that its dismissal order (based on a draft proposed jointly by Dafni and Ontel) was subject to the joint stipulation; Ontel vigorously opposed Dafni's motion to reinstate its '562 patent-

8                    ONTEL PRODUCTS CORPORATION v.
                     GUY A. SHAKED INVESTMENTS LTD.

infringement charge; and the denial of the 2022 reinstate-
ment motion left the with-prejudice dismissal order in
place.  Exercising our equitable discretion, we decline to
vacate the Board's final written decision.

### III

Ontel's appeal from the decision of the Board is dis-
missed.

The parties shall bear their own costs.

**DISMISSED**